UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TAMARA L. KEHOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:08-CV-62 CAN |
| | ) |
| 1st Source Bank Healthcare Benefits Plan, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

On March 31, 2008, Plaintiff, Tamara L. Kehoe ("Kehoe") filed her complaint in this Court. On June 24, 2008, upon the consent of the parties, this case was reassigned to the undersigned for all purposes. On July 24, 2008, the parties submitted a stipulation of material facts for summary judgment. On July 30, 2008, the parties amended their stipulation. On July 31, 2008, each party filed a motion for summary judgment. On September 5, 2008, both parties filed a response in opposition. On September 23, 2008, both parties filed a reply. This Court may now enter its ruling on all pending matters pursuant to the parties' consent and 28 U.S.C. § 636(c).

**I.  FACTS**

By stipulation of the parties, the following facts are undisputed. On July 28, 2007, Kehoe consumed alcohol in her home. During the night, Kehoe injured herself when she got up out of bed and fell on her face walking to her bathroom. On July 29, 2007, Kehoe was admitted into the emergency room at Memorial Hospital in South Bend to have her injuries evaluated. After being admitted to the hospital, the hospital determined that Kehoe's blood alcohol level was 0.128.

Kehoe's injuries included fractures to her nose and both wrists. Between July 29, 2007 and November 5, 2007, Kehoe received treatment for these injuries. The total expenses for the treatment were in excess of $30,000.00.

At the time of her injury, Kehoe was a participant under 1st Source Bank's Healthcare Benefits Plan ("Plan"). The Plan is a self-funded, ERISA healthcare benefits plan. The administrator and fiduciary of the plan is Defendant, 1st Source Bank ("1st Source"). Certain ministerial functions of the Plan have been delegated to a third-party administrator, North America Administrators, L.P.

Kehoe submitted bills for her medical treatment to the Plan. On March 19, 2008, 1st Source denied coverage of Kehoe's injuries on the grounds that Kehoe's actions fell under one of the Plan's exclusion sections, which excludes "[c]harges resulting from an illness or injury incurred while under the influence of alcohol or illegal drugs as evidenced by a blood alcohol level equal to or in excess of the legal amount allowed in the state where the injury occurs or any other drug or alcohol screening test." 1st Source came to its conclusion because Kehoe's blood alcohol level was 0.128, based on testing Kehoe received after she was admitted to the hospital.

## II. ANALYSIS

### A. Standard of Review

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Lawson v. CSX Transp., Inc., 245 F.3d 916, 922 (7th Cir. 2001). In determining whether a genuine issue of material fact exists, this Court must construe all facts in

the light most favorable to the nonmoving party as well to draw all reasonable and justifiable inferences in favor of that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); King v. Preferred Technical Group, 166 F.3d 887, 890 (7th Cir. 1999). To overcome a motion for summary judgment, the non-moving party cannot rest on the mere allegations or denials contained in its pleadings. Rather, the non-moving party must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Robin v. Espo Eng'g Corp., 200 F.3d 1081, 1088 (7th Cir. 2000). Where a factual record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Bank of Ariz. v. Cities Serv.s Co., 391 U.S. 253, 289 (1968)).

>	B.	Because the Plan Provided Discretion to the Administrator, This Court Applies a Arbitrary and Capricious Standard of Review

The parties agree that the Plan expressly grants the administrator the discretion to interpret the Plan's provisions in regards to making coverage determinations. In addition, the parties agree that, according to the law of this Circuit, when an ERISA insurance plan grants an administrator discretion to interpret coverage under the policy, a reviewing Court may not overturn the administrator's interpretation unless the administrator's determination was arbitrary or capricious. Ruttenberg v. U.S. Life Ins. Co., 413 F.3d 652, 659 (7th Cir. 2005). Under this standard, so long as the administrator "makes an informed judgment and articulates an explanation for it that is satisfactory in light of the relevant facts," then the administrator's determination is to be upheld. Exbom v. Cent. States, Se. and Sw. Areas Health and Welfare

Fund, 900 F.2d 1138, 1143 (7th Cir. 1990).  See also  Russo v. Health, Welfare & Pension Fund, 984 F.2d 763, 765 (7th Cir. 1993).

However, the parties disagree whether an exception applies which would warrant a more robust, *de novo* review of the decision to deny coverage, made by the administrator, 1st Source. Specifically, Kehoe argues that 1st Source's determination was so unusual that 1st Source went beyond simply interpreting the Plan and, instead, modified the Plan's terms and conditions. Consequently, Kehoe contends that this Court should apply a *de novo* review of 1st Source's decision.  1st Source responds that its determination was not unusual but, rather, conformed to the plain meaning of the Plan.  See Starks Mech., Inc. v. New Albany-Floyd County Consol. Sch. Corp., 854 N.E.2d 936, 941 (Ind. Ct. App. 2006) ("When the terms of a contract are clear and unambiguous, those terms are conclusive and courts will simply apply the contract provisions rather than construing the contract or examining extrinsic evidence.").  As such, 1st Source maintains that its determination should be upheld using the arbitrary and capricious standard of review.

This Court agrees with 1st Source that the arbitrary and capricious standard applies to this Court's review of its decision to deny coverage. To begin, this Court notes that Kehoe has failed to produce any legal precedent, sufficiently on point, to justify this Court's substitution of a *de novo* standard of review under the circumstances.  In addition, this Court does not view 1st Source's decision as a modification of the Plan's original terms, as Kehoe suggests.

The parties agree that 1st Source denied coverage under the Plan's exclusion which prevents recovery for injuries incurred while under the influence of alcohol.  Kehoe argues that the plain meaning of the exclusion clearly shows that the exclusion only applies to charges

4

arising from *illegal* consumption of alcohol. As such, Kehoe contends that 1st Source's decision to deny coverage, using an Indiana criminal statute, modified the exclusion to work a result which was unanticipated under the Plan. This Court does not agree.

The language of the Plan is clear and unambiguous. The plan's exclusion reads:

Charges resulting from an illness or injury incurred while under the influence of alcohol or illegal drugs as evidenced by a blood alcohol level equal to or in excess of the legal amount allowed in the state where the injury occurs or any other drug or alcohol screening test.

See Ex. 30-2 at 32.

This language does not require the illegal consumption of alcohol, i.e. under age drinking, to trigger the exclusion, but rather ". . . injury incurred while under the influence of alcohol . . ." The exclusion then continues by providing an objective standard of what constitutes "under the influence" and incorporates by reference the legal amount allowed in the state where the injury occurs. Contrary to Kehoe's argument, this is an interpretation of the Plan's exclusion and not a modification of the Plan. As a result, there is simply no basis to apply the *de novo* standard as urged by Kehoe. Rather, this Court shall apply the arbitrary and capricious standard of review. See Ruttenberg v. U.S. Life Ins. Co., 413 F.3d 652, 659 (7th Cir. 2005).

  C.  <u>1st Source's Determination Was Not Arbitrary and Capricious</u>

Applying the arbitrary and capricious standard of review, this Court may only overturn 1st Source's decision if it was an unreasonable interpretation of the Plan. See Russo, 984 F.2d at 765; Exbom, 900 F.2d at 1143. Kehoe argues that 1st Source's decision was arbitrary and capricious because 1st Source improperly relied on state statutes regarding illegal intoxication to interpret coverage in Kehoe's situation. Specifically, Kehoe notes that there is no law in Indiana

5

which makes illegal, consumption of alcohol in one's own home, the circumstance under which Kehoe's injuries occurred. As such, Kehoe maintains that 1st Source's application of a criminal statute to interpret Kehoe's insurance claim was arbitrary and capricious. Again, this Court does not agree.

Although Kehoe is correct that Indiana does not make intoxication in one's own home illegal, it was reasonable for 1st Source to incorporate by reference the state criminal statute, in the terms of the Plan. Clearly 1st Source could have specified in the Plan a specific blood alcohol level to trigger the application of the exclusion. The issue before the Court is whether it was unreasonable for 1st Source to have incorporated by reference a state's standard, such as that used to determine whether an individual is operating an automobile under the influence of alcohol. This Court concludes that it was not unreasonable.

In that regard, 1st Source applied the intoxication levels outlined in I.C. § 9-30-5-1 to determine that Kehoe's injuries were excluded from coverage. This statute defines the minimum level of illegal intoxication in the state of Indiana to be 0.08 grams of alcohol per one-hundred milliliters of blood. Kehoe's level of intoxication was 0.128. While Kehoe is correct that this statute applies to situations involving operation of a motor vehicle, the Plan does not specifically delineate which statutes 1st Source was required to apply. In addition, Kehoe does not suggest an alternative statute which is more applicable to Kehoe's situation. As such, this Court concludes that it was reasonable for 1st Source to have used the statute to assist in its coverage determination.

  D. <u>Kehoe Has Failed to Sufficiently Assert a Factual Issue Regarding Causation</u>

Finally, Kehoe argues that, even assuming that 1st Source was within its discretion to interpret the Plan in the manner that it did, 1st Source can not establish that Kehoe's accident was the causal result of intoxication. However, Kehoe failed to offer any alternative explanation or evidence to support a contrary conclusion in her case. In contrast, 1st Source pointed to the stipulated facts, which shows a sequential chain of events leading from Kehoe's intoxication and temporally related injury. Without more, Kehoe has failed to articulate a viable factual issue in which a reasonable jury could conclude that her injuries stemmed from another cause. See Chmiel v. J.C. Penney Life Ins. Co., 158 F.3d 966, 969 (7th Cir. 1998) (The court placed the burden on the beneficiary to prove alternative causation for her injuries).

## III. CONCLUSION

Accordingly, for the aforementioned reasons, this Court finds that 1st Source's determination was not arbitrary and capricious but, rather, a reasonable and rational exercise of its authorized discretion as administrator of the Plan. As such, this Court finds no justification to disrupt 1st Source's decision to deny coverage under the Plan. Consequently, 1st Source's motion for summary judgment is **GRANTED**. [Doc. No. 29]. In addition, Kehoe's motion for summary judgment is **DENIED**. [Doc. No. 27]. The Clerk is instructed to term the case.

**SO ORDERED.**

Dated this 16th Day of December, 2008.

    s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge